NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-93-HRW

JEROME FRANKLIN                                                                                           PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

TERRY VEST                                                                                                  DEFENDANT

The plaintiff, an inmate at the Eastern Kentucky Correctional Complex [EKCC], brings this action pursuant to 42 U.S.C. §1983. He alleges that EKCC Correctional Officer Terry Vest has violated the plaintiff's First Amendment right to free speech and his Eighth Amendment protection against cruel and unusual punishment. Franklin seeks damages and injunctive relief, to include an emergency protective order against Officer Vest..

FACTUAL ALLEGATIONS

The plaintiff has been residing in the protective custody unit of EKCC.

On March 5, 2005, between 1:30 and 1:45 (the plaintiff does not specify a.m. or p.m.), Officer Vest allegedly banged on the plaintiff's cell window and made threatening and racial remarks to the plaintiff. Vest allegedly said the doctor wanted to see the plaintiff and directed the plaintiff to come to his door and exit his cell to be handcuffed by Vest. The plaintiff refused to exit his cell, because he believed Vest's request was merely a ploy to get the plaintiff in physical proximity to Vest so that Vest could falsely claim the plaintiff attempted to physically assault Vest. Allegedly, it is well known that, without other correctional officers present to give a different version, any version offered by Vest, a correctional officer, would be given more credibility than

that given by an inmate. Thus, the plaintiff rationalized that, despite his innocence, the only way he could avoid being found guilty of the major disciplinary infraction of having assaulted an officer would be for the plaintiff to refuse to exit his cell.

On March 31, 2005, at 11:45 a.m., the plaintiff was charged with a disciplinary infraction for "Non-violent Demonstration." Reportedly, while the plaintiff was out of his cell on recreation time, Officer Vest's attention was drawn to the plaintiff because the plaintiff was passing "several items" from cell to cell. The plaintiff claims he captured Vest's attention intentionally when he "crossed the red line" to ask permission to use the telephone. Vest allegedly made disparaging and racial remarks, threatened to file a disciplinary charge against the plaintiff, and ordered the plaintiff back into his cell. Allegedly, Vest repeatedly told the plaintiff to return to his cell and three times the plaintiff refused. The plaintiff allegedly told Vest that he was "serving out" and that he would "do what I want to." Vest alleges the plaintiff threatened to throw human waste in Vest's face when Vest opened the plaintiff's cell door. Sgt. Smith arrived and twice told the plaintiff to return to his cell. The plaintiff reportedly became very loud and started cursing but did return to his cell after Sgt. Smith's second command. Minutes later, Vest allegedly came to the plaintiff's cell door, hollered disparaging and racial remarks to the plaintiff, and repeatedly kicked the plaintiff's cell door. This incident reportedly happened in front of ten other inmates. The plaintiff asserts this incident never happened. The plaintiff rationalizes that if such an incident had taken place, then the surveillance cameras would have recorded it and, to his knowledge, no tape has been forthcoming. The plaintiff concludes that, therefore, the incident did not happen or the cameras recorded something that does not comport with the officers' versions. The plaintiff was charged with a disciplinary infraction for "Non-violent Demonstration." The plaintiff claims he was never charged with passing items from

cell to cell. The plaintiff filed a grievance against Officer Vest regarding this incident. On April 5, 2005, a Disciplinary Hearing Officer found the plaintiff guilty of "Non-violent Demonstration" and sentenced him to disciplinary segregation for 45 days.

On April 11, 2005, the plaintiff apparently was scheduled to appear before the institutional grievance committee regarding grievances he had filed regarding a food tray cutting his finger (Grievance #5-200) and Officer Nickles threatening him because he repeatedly checked into and out of protective custody (Grievance #5-201). Apparently, on April 11, 2005, two additional grievances regarding the events of March 5 and March 31, 2005, that the plaintiff had filed against Vest were also pending before the committee. Just prior to the April 11, 2005 grievance hearing, Vest allegedly came to the plaintiff's cell door with a pair of handcuffs. Even though grievances were pending against Vest, allegedly Vest again intended to single-handedly handcuff and escort the plaintiff to the grievance committee meeting. Vest allegedly opened the plaintiff's cell door slot and began harassing the plaintiff. The plaintiff reportedly verbally retaliated. The plaintiff denies that he made any retaliatory threats or demonstrations and charges that Vest lied about the plaintiff's alleged remarks. The plaintiff, again, refused to exit his cell and refused to permit Vest, acting alone and outside the presence of other correctional officers, to handcuff him and did so out of fear that Vest would claim the plaintiff attempted to assault Vest. The plaintiff feels he had either the option of risking close contact with Vest and a resulting potential to be charged with an unwarranted and indefensible serious disciplinary infraction, or he had the option of failing to attend the grievance committee hearing. The plaintiff, in his "Solomon's choice" conundrum, chose to remain in his cell. The plaintiff then pressed his cell's call button and asked an unidentified official to summon Lt. Heavens to his cell. Lt. Heavens never came. The plaintiff next wrote to Institutional Grievance

Coordinator Dan Hittepole, fully explained the circumstances of his absence, and requested that the missed April 11, 2005 grievance committee hearing be rescheduled. Apparently, the request was denied.

On April 12, 2005, the plaintiff allegedly summoned EKCC official, Mark Waddell, to his cell. The plaintiff explained his "conflict" with Officer Vest and asked Waddell to review surveillance camera security tapes to validate the plaintiff's claims regarding Vest's April 11, 2005 behavior when Vest attempted to escort the plaintiff to the grievance committee meeting. Waddell allegedly expressed anger, made threats, and left. The plaintiff unsuccessfully complained to Warden John Motley about the alleged behaviors of both Vest and Waddell. He has also unsuccessfully complained to Programs Director Vickery Smith and Corrections Commissioner John O. Rees regarding Vest.

Allegedly, as a result of his conflict with Vest, Vest cannot sleep at night, is depressed, fears Vest is going to kill him, and is taking sinaquion and thorazine to treat his "paranoid from him [Vest]."

## CRUEL AND UNUSAL PUNISHMENT

The plaintiff mistakenly alleges the aforementioned behaviors constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

## FREE SPEECH

The plaintiff vaguely and generally claims that the aforementioned behaviors have constituted a violation of his First Amendment right to free speech. The plaintiff fails to set forth

exactly what incidents violated his free speech rights, and no such violation is apparent from the face of the record. The plaintiff's legal conclusion is insufficient to support his First Amendment claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Vague and conclusory allegations unsupported by any material factual allegations are not sufficient to state a claim. *See Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(1) The plaintiff's Motion for Order to Waive Service of Summons [Record No. 4] is **DENIED**.

(2) This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendant.

This July 12, 2005.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge